# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLARIAN CAPITAL, INC., | Case No. 1: 11-cv-0031-LJO-BAM |
| Plaintiff, | **ORDER ON MOTION TO COMPEL** |
| v. | |
| SOC, LLC., | |
| Defendant. | |

In this motion to compel, Defendant SOC, LLC ("Defendant") seeks to compel Plaintiff Dolarian Capital, Inc. ("Plaintiff") to produce documents to its requests for production and responses to interrogatories. (Docs. 43, 48, 52).

## **BACKGROUND**

Highly summarized, this breach of contract action involves an agreement for the sale of weapons and ammunition for use in Iraq and Afghanistan. After a series of events, the agreement broke down, resulting in monetary damages to each party. (Docs. 1, 19). On August 1, 2012, Defendant filed a motion to compel discovery responses and deem requests for admissions admitted. (Doc. 43). According to Defendant, for over six months, Plaintiff failed to produce a single document in response to the sixteen requests for production, refused to admit or deny any of the thirty-one requests for admission, and refused to answer any of the eight interrogatories. (Doc. 44).

Defendant was ordered to re-file its discovery dispute as joint statement re: discovery

disagreement to comply with Local Rule 251. On August 24, 2012, Defendant submitted its "Joint Statement Re Discovery Disagreement" in compliance with the local rules. Although titled a "Joint Statement," Plaintiff's participation in the statement was *de minimis*. (Doc. 47-3, Ex. C). Specifically, Plaintiff failed to include responses to Defendant's discovery dispute and instead filed an opposition to Defendant's initial motion to compel stating that supplemental documents had been produced. (Doc. 47).

In order to allow Defendant additional time to review the supplemented discovery material, the Court continued the hearing on the motion to compel to September 14, 2012. (Doc. 51). The Court also ordered the parties to hold a meaningful telephonic meet and confer to resolve the remaining issues related to their discovery dispute. (Doc. 51). A series of correspondence was then exchanged between counsel regarding documents that would be submitted. On September 7, 2012, Defendant filed a status report indicating that between August 10, 2012 and September 7, 2012, Plaintiff failed to produce any additional documents or provide responses to the outstanding interrogatories.

On September 11, 2012, the Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for September 14, 2012. (Doc. 51). Having considered the moving and opposition papers, as well as the Court's file, Defendant's Motion to Compel is **GRANTED.**

## ANALYSIS

### A.   Requests for Production and Interrogatories

Defendant's motion seeks to compel discovery responses to Requests for Production Nos. 2-16 and Interrogatory Nos. 1-8.[1] Plaintiff objected to every discovery request with a boilerplate objection and without a substantive response. Defendant now moves to compel Plaintiff's compliance with discovery, arguing that Plaintiff's "boilerplate objections" are baseless and without merit. The Court agrees.

---

[1] Defendant also served Plaintiff with thirty-one requests for admission. However, in its August 24, 2012 status report (Doc. 52), Defendant alleges that Plaintiff has responded to its requests for admissions. (Doc. 50 at 2). No further objection to the request for admissions has been raised. *See* (Doc. 52).

2

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Federal of Civil Procedure 33 requires that a party objecting to an interrogatory "shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." All grounds for objection must be "stated with specificity" or the objection is waived. FED. R. CIV. PROC. 33(b)(4). An "evasive or incomplete . . . answer, or response is to be treated as a failure to . . . answer, or respond." FED. R. CIV. P. 33(b)(1), 37(a)(3). Federal Rule of Civil Procedure 34 requires that a party responding to a request for production must either state that inspection of documents and related activities will be permitted as requested, or state an objection, including the specifics of the objection and how that objection relates to the documents being demanded. FED. R. CIV. P. 34(a), (b)(2)(B). Generic, boilerplate objections to discovery are not sufficient. *See Marti v. Baires,* 2012 U.S. Dist. LEXIS 77962 (E.D. Cal. June 5, 2012) (reliance on boilerplate objections is an abuse of the discovery process); *see A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (general or boilerplate objections such as "overly burdensome and harassing" are improper); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests were overly broad, burdensome, oppressive, and irrelevant were insufficient to meet objecting party's burden of explaining why discovery requests were objectionable). Rather, a party resisting discovery must make some showing as to how each discovery request is not relevant and/or is overly broad or unduly burdensome.

Plaintiff's initial and supplemental responses are wholly inadequate and demonstrate that Plaintiff has made no reasonable effort to respond to discovery as required by Federal Rules of Civil Procedure 33 and 34. Specifically, Plaintiff's objections to all of Defendant's Requests for Production and Interrogatories were general, boilerplate objections with little to no explanation. This is inappropriate under the Federal Rules of Civil Procedure. Plaintiff's responses to the Defendant's requests for production failed to indicate whether Plaintiff had responsive documents and/or whether documents were being withheld pursuant to a privilege. In addition, beyond a litany of boilerplate objections, Plaintiff's responses to Defendant's interrogatories have failed to provide any meaningful responses. Finally, only a small number of documents have been produced, the majority of which

3

were already in Defendant's possession.

Plaintiff has been afforded numerous opportunities to properly assert privileges and/or objections but has continuously refused to do so. Additionally, Plaintiff was given several opportunities to meaningfully defend its discovery responses in the joint statement re discovery disagreement, but again, has failed to do so. Plaintiff's actions in discovery have prejudiced the Defendant. Trial is four months away. Non-expert discovery ends on October 12, 2012. Experts have been designated, and discovery is nearly concluded. Further, Plaintiff's recalcitrant and dilatory behavior—separate and apart from the delay due to the change in counsel—is inconsistent with Plaintiff's discovery obligations under the Federal Rules of Civil Procedure. Plaintiff is admonished that the Court will view harshly any failure to fully and timely respond to Defendant's discovery requests pursuant to this order.

**B.     Sanctions**

Defendant requests an order requiring Plaintiff to reimburse Defendant its attorneys' fees and costs associated with bringing the instant Motion to Compel, related affidavits, and joint statements. (Doc. 44). Under Federal Rule of Civil Procedure 37(c)(1)(A), the Court is authorized to order an award of attorneys fees and costs caused by the conduct of errant parties. As noted above, the Court has found that Plaintiff has not acted in good faith in attempting to resolve this dispute and its responses to discovery were not substantially justified. Consequently, the Court finds that a reasonable award of attorney's fees for the costs of bringing this motion may be appropriate. Accordingly, Defendant **SHALL** file a declaration supporting these costs and fees within 10 days of service of this order. Within 7 days thereafter, Plaintiff is permitted to file its objections, limited to not more than 5 pages. No reply will be permitted unless otherwise ordered.

## CONCLUSION

For the foregoing reasons:

1. Defendant's Motion to Compel Responses to Requests for Production and Interrogatories is **GRANTED**. (Doc. 48);
2. The Court **ORDERS** Plaintiff to provide supplemental responses to Defendant's Interrogatories Nos. 1-8. no later than September 21, 2012.

4

3. The Court **ORDERS** Plaintiff to produce all non-privileged material responsive to Defendant's Requests for Production Nos. 2-16 no later than September 21, 2012.

4. In providing supplemental responses, Plaintiff must provide a response to each request that specifically that states either (1) Plaintiff is producing all responsive documents; (2) Plaintiff has no responsive documents in their possession, custody or control; or (3) Plaintiff's discovery responses are protected by privilege. If documents are subject to a privilege, a privilege log must be produced by September 21, 2012.

5. Defendant SHALL file an accounting of attorneys' fees and costs for the preparation of the Motion to Compel within 10 days consistent with this order. Within 7 days thereafter, Plaintiff may file objections—not exceeding 5 pages each—to the accounting and declaration.

IT IS SO ORDERED.

**Dated:** **September 12, 2012**              /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE

5