# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLARIAN CAPITAL, INC., | Case No.: 1:11cv00031 LJO DLB |
| Plaintiff, | ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS |
| vs. | |
| SOC, LLC, | (Document 71) |
| Defendant. | |

On November 5, 2012, Defendant SOC, LLC ("Defendant" or "SOC") filed this Motion for Sanctions based on Stephen Mar's failure to appear for his October 17, 2012, deposition. The motion was heard on December 5, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Brad Bloodworth and Joseph Davis appeared on behalf of Defendant. Myron Smith appeared on behalf of Plaintiff Dolarian Capital, Inc. ("Plaintiff" or "Dolarian").

## **PROCEDURAL BACKGROUND**

On January 5, 2011, Plaintiff filed this breach of contract action regarding the sale of guns and ammunition for use in Iraq and/or Afghanistan. Defendant filed an answer and counterclaim on March 4, 2011, alleging fraudulent misrepresentation, unjust enrichment, breach of the covenant of good faith and fair dealing and breach of contract.

Defendant filed this Motion for Rule 37 Sanctions on November 5, 2012, seeking sanctions in the amount of $8,229.71 for Stephen Mar's failure to appear at his October 17, 2012, deposition. Plaintiff opposed the motion on November 20, 2012, and Defendant filed a reply on November 28, 2012.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 37(d)(3), "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure [of a party to appear for his deposition], unless the failure was substantially justified or other circumstances make an award of expenses unjust." The burden of showing substantial justification is on the party being sanctioned. Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 784 (9th Cir.1983). A finding of bad faith is not required before sanctioning a party or his lawyer. Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir.1994). Sanctions may be imposed even for negligent behavior. Lew v. Kona Hosp., 754 F.2d 1420, 1426–27 (9th Cir.1985).

There is no dispute that the October 17, 2012, deposition of Stephen Mar, Dolarian's Chief Financial Officer, was properly noticed, nor is there any dispute that Stephen Mar appeared for his deposition one day later, on October 18, 2012. Ara Dolarian was made available for his personal deposition on October 17, 2012, though Defendant's counsel chose not to depose him at that time.

Despite the fact that Mr. Mar appeared for his deposition on October 18, 2012, Defendant's counsel requests that the Court impose sanctions to compensate them for time spent preparing for the deposition, waiting for Mr. Mar, and establishing his failure to appear in the record. Counsel also state that they spent an extra day in Sacramento.

As discussed at the hearing, time spent in preparation of Mr. Mar's deposition was not "wasted," as he was ultimately deposed on October 18, 2012. Moreover, although counsel states

that they spent an extra day in Sacramento, Plaintiff's counsel indicated that the parties had agreed to three days for three depositions.  That the first day passed without a deposition, then, does not suggest that Defendant's counsel spent time in Sacramento beyond what was initially expected.  Mr. Mar was deposed on October 18, 2012, and Mr. Dolarian testified as Plaintiff's 30(b)(6) witness on October 19, 2012.

Plaintiff's counsel indicated at the hearing that he had previously offered to pay the Court Reporter's fee for the October 17, 2012, appearance.  Given that Mr. Mar was ultimately deposed one day later, and that Plaintiff mitigated the damage by flying to Washington, D.C., the next week for his personal deposition, an award beyond the Court Reporter's fee would be unjust.

## ORDER

Accordingly, Defendant's Motion is GRANTED IN PART.  Plaintiff SHALL PAY SANCTIONS in the amount of $161.15 to Defendant's counsel within twenty (20) days of the date of service of this Order.  This amount is imposed as sanctions against Plaintiff only, and Plaintiff's counsel is not jointly and severally liable.

IT IS SO ORDERED.

Dated:   **December 6, 2012**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE