# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLARIAN CAPITAL, INC., <br><br>　　　　　Plaintiff, <br><br>　　vs. <br><br>SOC, LLC, <br><br>　　　　　Defendant. | Case No.: 1:11cv00031 LJO DLB <br><br> ORDER GRANTING DEFENDANT'S MOTION TO AMEND COUNTERCLAIMS <br><br> (Document 67) |

On November 2, 2012, Defendant SOC, LLC ("Defendant" or "SOC") filed this Motion for Leave to Amend its Counterclaims. The motion was heard on December 5, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Brad Bloodworth and Joseph Davis appeared on behalf of Defendant. Myron Smith appeared on behalf of Plaintiff Dolarian Capital, Inc. ("Plaintiff" or "Dolarian").

## FACTUAL AND PROCEDURAL BACKGROUND

On January 5, 2011, Plaintiff Dolarian Capital, Inc. ("Plaintiff" or "DCI") filed this breach of contract action regarding the sale of guns and ammunition for use in Iraq and/or Afghanistan. Defendant filed an Answer and Counterclaim on March 4, 2011.

Plaintiff's Complaint alleges that within the last two years, Plaintiff and Defendant entered into a written contract wherein Plaintiff agreed to procure and sell to Defendant guns and

ammunition in quantities set forth in Purchase Orders issued by Defendant.  Defendant issued the first Purchase Order in May 2010, which Plaintiff accepted.  Defendant issued a second Purchase Order bearing the same number, but with different amounts of weapons and ammunition.  Despite requests for clarification, Defendant did not explain the differences in amounts.

In or about July 2010, after several email exchanges, Defendant issued six more Purchase Orders for ammunitions and weapons to be delivered to Defendant in Iraq and/or Afghanistan.  Defendant prepaid a portion of the contract in the amount of $1,067,203.00.  Plaintiff then issued invoices and Terms and Conditions for the transactions.  Plaintiff requested that Defendant provide certain documents in order to secure a United States Department of State license and clearance, and to provide the European Union with the necessary documentation to allow shipment of the weapons.  Defendant was informed that the weapons were in Bulgaria and other Eastern European locations.  On or about September 1, 2010, and after Plaintiff notified Defendant that the Department of State had issued the first brokerage letter for these transactions, Defendant informed Plaintiff that it was cancelling the Purchase Orders and demanding return of the prepayment.

Based on these allegations, Plaintiff alleges causes of action for breach of contract, breach of the covenant of good faith and fair dealing, misrepresentation and account stated.

The Counterclaim alleges that Plaintiff falsely represented that it was lawfully registered with the United States Department of State as a Broker of Articles of War.  Defendant also contends that Plaintiff falsely represented that it brokered large sales of automatic weapons from Eastern Europe "all the time" at quantities exceeding Defendant's requirements, and that it would deliver new weapons and ammunition.  Based on these misrepresentations, Defendant alleges that it was fraudulently induced to pay $1,067,203.00 in the form of three wire transfers in May, June and July 2010.

During the summer of 2010, Defendant alleges that it gradually began to uncover "the multiple layers of deceit perpetrated" by Plaintiff.  In September 2010, Defendant was forced to cancel the orders and demand return of the prepayment.  As a result, Defendant was forced to purchase its weapons and ammunition from another source on short notice and at a significant premium.  Plaintiff continues to refuse to return any portion of the prepayment.

Defendant alleges claims for fraudulent misrepresentation, unjust enrichment, breach of the covenant of good faith and fair dealing and breach of contract.

Defendant filed this Motion to Amend on November 2, 2012.  Plaintiff opposed the motion on November 20, 2012, and Defendant filed its reply on November 28, 2012.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

## **DISCUSSION**

Defendant moves to amend its Counterclaims to include Ara Dolarian as an individually named Counterclaim-Defendant and add facts pierce DCI's corporate veil.  SOC contends that it

did not understand the relationship between Mr. Dolarian and DCI until depositions in October 2012.

Defendant relies on information gathered during Mr. Dolarian's October 19, 2012, deposition. He testified that he is DCI's President, Chairman, sole member of the Board of Directors and sole shareholder. He further testified that he recently dissolved the Board and that its last meeting may have been in 2009. Mr. Dolarian thought that the Board's duties and responsibilities were set forth in the Bylaws, though he didn't know what they were. Declaration of Brad Bloodworth ("Bloodworth Dec."), Exh. C. Plaintiff's only verified asset is a $100,000.00 Mercedes Benz that Mr. Dolarian uses personally and exclusively. He testified that DCI owns weapons stored in Eastern Europe with a liquidation value of $2.63 million, though no supporting documents have been produced. Mr. Dolarian also testified that DCI has two checking accounts and a money market account containing less than $500,000, but supporting documents have not been produced. Bloodworth Dec., Exh. C, D.

The Court finds that the proposed amendments should be granted under Rule 15. Despite Plaintiff's claim to the contrary, there has been no bad faith, undue delay or violation of the Scheduling Conference Order. Due in part to Plaintiff's delays in responding to discovery, Defendant was not able to obtain the necessary information until October 2012 and brought this motion soon thereafter.[1]

There is also no evidence of futility. Plaintiff contends that Defendant has failed to offer any evidence to succeed on its alter ego claim, though whether Defendant will ultimately succeed on the merits is not the correct standard by which to judge the proposed amendment. The amendments are neither duplicative nor patently frivolous. Bonin v. Calderon, 59 F.3d 815, 846 (9th Cir. 1995).

---

[1] Defendant presented the proposed amendments to Plaintiff's counsel on October 25, 2012, but counsel did not indicate if he would stipulate to the filing of an Amended Counterclaim. Bloodworth Dec., ¶¶ 6, 7.

Finally, and most importantly, Plaintiff has not alleged that any prejudice will result from the amendment.  <u>DCD Programs, Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987) (the party opposing the amendment bears the burden of showing prejudice).  The Court also notes that upcoming pre-trial and trail dates have been continued by separate order.

## **ORDER**

For the reasons discussed above, the Court GRANTS Defendant's Motion for Leave to File Amended Counterclaims.  Defendants SHALL file the Amended Counterclaim within ten (10) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 6, 2012**               /s/ *Dennis L. Beck*
                                                            UNITED STATES MAGISTRATE JUDGE