# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLARIAN CAPITAL, INC., | ) Case No.: 1:11cv00031 LJO DLB ) |
| Plaintiff, | ) ORDER GRANTING SOC, LLC'S MOTION ) TO COMPEL DISCOVERY OF ITS ) SEPTEMBER 11, 2012 REQUEST FOR |
| vs. | ) PRODUCTION OF DOCUMENTS ) (Doc. 62) |
| SOC, LLC, | ) ) |
| Defendant. | ) |

On October 24, 2012, Defendant SOC, LLC ("Defendant" or "SOC") filed a motion to compel discovery of its September 11, 2012 request for production of documents. The motion was heard on December 5, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Brad Bloodworth and Joseph Davis appeared on behalf of Defendant. Myron Smith appeared on behalf of Plaintiff Dolarian Capital, Inc. ("Plaintiff" or "DCI").

## **BACKGROUND**

On September 11, 2012, Defendant served Plaintiff with a Rule 30(b)(6) notice and request for production of documents. The request sought documents reflecting the following: (1) disposition of funds provided by Defendant to Plaintiff since May 1, 2010; (2) Plaintiff's ability to satisfy a judgment for at least $1,000,000, including financial statements, accounts receivable and payable, bank statements, accounting ledgers, incoming and outgoing payments,

arrears, creditors, debtors, banking software and accounting software; and (3) document retention policies or guidelines since January 1, 2010.  Plaintiff purportedly failed to timely respond to the document requests.  Plaintiff also failed to respond to defense counsel's efforts to obtain duch documents.

On October 24, 2012, Defendant filed the instant motion to compel.  Defendant seeks an order compelling Plaintiff to produce, without objection, all non-privileged documents responsive to its September 11, 2012 request.

On November 21, 2012, Plaintiff filed its opposition asserting that it had produced over 1,000 pages by early September.  Plaintiff also stated that it had "produced the documents in its custody."  Opposition, p. 3.

On November 30, 2012, Defendant replied and asserted that Plaintiff's opposition is misleading because it relates to a different set of document requests propounded on February 17, 2012.  Defendant further asserts that "seven minutes before filing its Opposition, [Plaintiff] attempted to respond to the Document Requests at issue," but the response was incomplete and redacted beyond comprehension.  Declaration of Joseph Davis ("Davis Dec."), ¶¶ 2-3 and Exhibit A.

According to Defendant, Plaintiff reportedly admitted that its production was incomplete because it had ordered copies of its bank statements from Wells Fargo and would provide them when received.  Defendant therefore contends that Plaintiff wrongfully asserted that it had produced the requested documents in its possession, custody or control.  See Hayles v. Wheatherford, 2:09-cv-3061, 2010 WL 4739484, *1 (E.D. Cal., Nov. 16, 2010) ("[p]roperty is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand.").  Per Defendant, Plaintiff also has not explained why it was unable to obtain the bank statements in the two and half months since the request.  Defendant further faults Plaintiff for producing eight of

27 pages that were heavily redacted without providing any explanation or justification for the redactions. Davis Dec. ¶¶ 4, 6.

## DISCUSSION

A. Motion to Compel

Defendant seeks an order compelling discovery pursuant to Federal Rule of Civil Procedure 37(a). Such an order is appropriate if a party fails to comply with a request for production under Rule 34. Fed. R. Civ. P. 37(a)(3)(B).

At the hearing, Plaintiff's counsel confirmed that current bank statements have been ordered, but have not yet been produced. Defense counsel also pointed out additional deficiencies with the production, including the absence of a current accounting regarding Plaintiff's ability to satisfy any judgment on the counterclaim and unexplained redactions.

Based on this discussion and the papers on file, Defendant's motion to compel discovery is GRANTED. Fed. R. Civ. P. 37(a)(3)(B). Plaintiff shall submit a full response without objections to Defendant's request for production within thirty (30) days of the date of this order. Counsel are encouraged to engage in a dialogue regarding any outstanding responsive documents.

B. Request for Attorney's Fees

Federal Rule of Civil Procedure 37(a)(5) states that if a motion to compel is granted, then "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment if: (a) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (b) the opposing party's nondisclosure, response, or objection was substantially justified; or (c) other circumstances make an award of expenses unjust. Id.

Here, Defendant attempted in good faith to obtain the discovery without court action. However, Plaintiff's delays and deficiencies in fully responding were not substantially justified. Accordingly, Plaintiff shall be required to pay Defendant's reasonable expenses incurred in bringing the instant motion to compel. Defendant shall file a declaration supporting these expenses and fees within 14 days of service of this order. Plaintiff may file any objections to the requested fees within 7 days thereafter. No reply is permitted unless otherwise ordered.

**CONCLUSION AND ORDER**

For the reasons stated, the Court HEREBY ORDERS as follows:

1. Defendant's Motion to Compel Discovery of its September 11, 2012 Request for Production of Documents is GRANTED;

2. Plaintiff SHALL submit a full response without objections to Defendant's request for production within thirty (30) days of the date of this order. Prior to that time, counsel for the parties are encouraged to engage in a dialogue regarding any outstanding responsive documents;

3. Plaintiff SHALL pay Defendant's reasonable expenses incurred in bringing the instant motion to compel;

4. Defendant SHALL file a declaration supporting the expenses and fees within 14 days of service of this order. Plaintiff may file any objections to the requested fees within 7 days thereafter. No reply is permitted unless otherwise ordered.

IT IS SO ORDERED.

Dated:   **December 6, 2012**          /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE