# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLARIAN CAPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SOC, LLC, <br><br> Defendant. | Case No.: 1:11cv00031 LJO DLB <br><br> ORDER GRANTING DEFENDANT'S MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER <br> (Doc. 77) |

On November 8, 2012, Defendant SOC, LLC ("Defendant" or "SOC") filed a motion for modification of the pretrial scheduling order. The motion was heard on December 5, 2012, before the Honorable Dennis L. Beck, United States Magistrate Judge. Brad Bloodworth and Joseph Davis appeared on behalf of Defendant. Myron Smith appeared on behalf of Plaintiff Dolarian Capital, Inc. ("Plaintiff" or "DCI").

## **BACKGROUND**

On May 17, 2011, the Court entered a Scheduling Conference Order. Doc. 24. On May 21, 2012, the Court modified the Scheduling Conference Order and set the following deadlines:

| | |
|---|---|
| Expert disclosures | September 12, 2012 |
| Supplemental expert disclosures | September 21, 2012 |

1

| | |
|---|---|
| Non-expert discovery | October 12, 2012 |
| Expert discovery | October 26, 2012 |
| Filing of Dispositive Motions | November 8, 2012 |
| Hearing of dispositive motions | December 6, 2012 |
| Pretrial conference | December 18, 2012 |
| Jury trial | January 23, 2013 |

On November 8, 2012, Defendant filed the instant motion to modify the scheduling order, seeking to extend the November 8, 2012 deadline for dispositive motions and to continue the January 23, 2013 trial date. Doc. 77. Plaintiff filed an opposition on November 20, 2012, and Defendant replied.

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). If the moving party fails to demonstrate diligence, "the inquiry should end." Id. For example, good cause may be found where the moving party shows it was diligent in assisting the court in creating a workable scheduling order, that it is unable to comply with the deadlines due to matters not reasonably foreseeable at the time of the scheduling conference, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D.Cal.1999) (citations omitted).

B. Analysis

Defendant contends that there is good cause to modify the scheduling order because of the pending sanctions and discovery motions and the alleged discovery misconduct by Plaintiff. Defendant anticipates that the outstanding discovery is necessary for any motion for summary

judgment and for trial and that Defendant will be prejudiced without modification of the deadlines.  Further, Defendant contends that the current schedule cannot be met despite its diligence in complying with pretrial obligations and seeking discovery.

Plaintiff counters that the scheduling order should not be modified because (1) the motion for sanctions for Stephen Mar's failure to appear at his deposition is moot as he was deposed by defense counsel; (2) the motion to compel documents in connection with the 30(b)(6) deposition notice is moot as Plaintiff has produced responsive documents; and (3) the motion to amend the counterclaim regarding alter ego is untimely.  Plaintiff further contends that Defendant has had almost two years to conduct discovery "regarding the structure of DCI" and that Defendant has failed to proffer any evidence that states a cause of action for recovery of damages under a theory of alter ego.  Opposition, p. 2.

In its reply, Defendant points out that Plaintiff's arguments regarding alter ego are misplaced and they fail to address Defendant's reasons for seeking modification of the scheduling order.  Defendant states that it is not seeking modification of the scheduling order to accommodate any counterclaim amendment and reiterates that it is seeking modification because of Plaintiff's repeated discovery violations.

The Court finds that Plaintiff's discovery conduct, which is addressed by separate orders, along with the order compelling additional production of documents, provides good cause to modify the current scheduling order. Although Defendant has been diligent, Plaintiff's dilatory conduct has resulted in Defendant's inability to comply with the existing schedule.

## **CONCLUSION AND ORDER**

For good cause appearing, Defendant's motion to modify the pretrial scheduling order is GRANTED.  The Court continues the scheduling order dates an additional ninety (90) days as follows:  The filing deadline for dispositive motions is February 8, 2013.  The last day to hear dispositive motions is March 6, 2013.  A pretrial conference is set before District Judge

Lawrence J. O'Neill on March 19, 2013, at 8:30 a.m.  A Jury Trial is set before District Judge Lawrence J. O'Neill on April 23, 2013, at 8:30 a.m.

IT IS SO ORDERED.

Dated:   **December 6, 2012**                             /s/ *Dennis L. Beck*
                                                                        UNITED STATES MAGISTRATE JUDGE