1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   DOLARIAN CAPITAL, INC.,                Case No.  1:11-cv-00031-LJO-SAB

12              Plaintiff,                  ORDER RE: MOTIONS TO COMPEL AND
                                            MOTION FOR RULE 37 SANCTIONS
13        v.
                                            (ECF NOS 43, 60, 62)
14   SOC, LLC,

15              Defendant.

16
     AND RELATED COUNTERCLAIMS
17

18

19        Pending before the Court are three motions filed by Defendant/Counter-Claimant SOC,

20   LLC ("Defendant") requesting sanctions against Plaintiff/Counter-Defendant Dolarian Capital,

21   Inc. ("Plaintiff").  Defendant requests $120,354.00 in attorneys' fees based upon 252.75 hours for

22   work stemming from Plaintiff's discovery violations.

23        For the reasons set forth below, the Court will award sanctions in the amount of

24   $25,125.00, based upon 100 hours at a reasonably hourly rate within the Fresno area legal market.

25   / / /

26   / / /

27

28
                                            1

# I.

## FACTS

On August 1, 2012, Defendant filed a motion to compel.  (ECF No. 43.)  Defendant's motion to compel concerned Plaintiff's failure to respond to sixteen (16) requests for production of documents, thirty-one (31) requests for admission and eight (8) interrogatories.   Plaintiff responded to the requests with objections but did not provide any substantive responses.

Defendant's motion was granted on September 12, 2012.  (ECF No. 54.)   The Court ordered Plaintiff to reimburse Defendant for the reasonable expenses associated with bringing the motion, but left open the matter of the precise amount of sanctions to impose.  On September 21, 2012, Defendant submitted a declaration in support of its accounting of the fees and costs.  (ECF No. 59.)  Plaintiff did not file an opposition to the accounting.

On October 5, 2012, Defendant filed a motion requesting sanctions pursuant to Rule 37, contending that Plaintiff did not comply with the Court's September 12, 2012 order compelling responses.  (ECF No. 60.)  On December 6, 2012, the Court granted Defendant's motion, imposed monetary sanctions and ordered Defendant to submit an accounting of the expenses associated with the motion.  (ECF No. 94.)  On December 19, 2012, Defendant submitted an accounting.  (ECF No. 100.)  On December 21, Plaintiff filed an opposition.  (ECF No. 102.)

On October 24, 2012, Defendant filed a motion to compel.  (ECF No. 62.)  Plaintiff's second motion to compel concerned Plaintiff's failure to respond to requests for production of documents served on September 11, 2012.  On December 6, 2012, the Court granted Defendant's motion, imposed monetary sanctions and ordered Defendant to submit an accounting of the expenses associated with the motion.   (ECF No. 97.)   On December 19, 2012 Defendant submitted an accounting.  (ECF No. 101.)  On December 21, Plaintiff filed an opposition.  (ECF No. 103.)

### A.      Expenses Related to Defendant's August 1, 2012 Motion to Compel

Defendant contends that it incurred $69,805 in connection with the August 1, 2012 motion to compel.  (Decl. of Tara M. Lee in Supp. of SOC, LLC's Accounting of Fees and Costs in Connection with Sept. 12, 2012 Court Order ("Lee Decl. #1") ¶ 4.)   The hourly rates for

1    Defendant's attorneys ranged from $395 to $625.  (Lee Decl. #1 ¶ 6.)  Defendant's attorneys

2    billed 131.90 hours of work associated with the August 1, 2012 motion.  (Lee Decl. #1, Ex. A, at

3    pg. 9.)

4        **B.    Expenses Related to Defendant's October 5, 2012 Motion for Rule 37
                 Sanctions**

5

6        Defendant contends that it incurred $35,640.00 in attorneys' fees in connection with the

7    October 5, 2012 motion for Rule 37 sanctions.  (Decl. of Tara M. Lee in Supp. of SOC, LLC's

8    Accounting of Fees and Costs in Connection With Dec. 6, 2012 Court Order Re: Mot. for Rule 37

9    Sanctions ("Lee Decl. #2") ¶ 4.)  Defendant's attorneys billed 83.65 hours of work associated

10   with the October 5, 2012 motion.  (Lee Decl. #2, Ex. A, at pg. 4.)

11       **C.    Expenses Related to Defendant's October 24, 2012 Motion to Compel**

12       Defendant contends that it incurred $14,909.00 in attorneys' fees in connection with the

13   October 24, 2012 motion to compel.  (Decl. of Tara M. Lee in Supp. of SOC, LLC's Accounting

14   of Fees and Costs in Connection with Dec. 6, 2012 Court Order Re: Mot. to Compel Sept. 11,

15   2012 Req. for Prod. of Docs. ("Lee Decl. #3") ¶ 4.)  Defendant's attorneys billed 37.2 hours of

16   work associated with the October 24, 2012 motion.  (Lee Decl. #3, Ex. A, at pg. 3.)

17                                          **II.**

18                                     **DISCUSSION**

19       The only issue remaining with respect to Defendant's motions is the amount of sanctions

20   to impose against Plaintiff.  When the amount of sanctions is based upon attorneys' fees and

21   related expenses, an essential part in determining the reasonableness of the award is inquiring into

22   the reasonableness of the claimed fees.  Matter of Yagman, 796 F.2d 1165, 1184-85 (9th Cir.

23   1986).  "Recovery should never exceed those expenses and fees that were reasonably necessary to

24   resist the offending action."  Id. at 1185.  "[T]he court must make some evaluation of the fee

25   breakdown submitted by counsel."  Id. (citing Toombs v. Leone, 777 F.2d 465, 472 (9th Cir.

26   1985)).  "The measure to be used 'is not actual expenses and fees but those the court determines

27   to be reasonable.'"  Id.

28   / / /

                                             3

1    The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorneys' fees,
2    where the number of hours reasonably expended is multiplied by a reasonable hourly rate.
3    Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).  A reasonable hourly rate is
4    determined by identifying the relevant legal community (the forum where the district court sites)
5    and the prevailing market rate in that community for similar services by lawyers of reasonably
6    comparable skill.  Id., at 979-981.  The loadstar approach has been used to calculate monetary
7    discovery sanctions based upon expenses incurred.  See Camacho v. Bridgeport Fin., Inc., 523
8    F.3d 973, 978 (9th Cir.2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d, 1145 1449 n. 4
9    (9th Cir.2001)); Global Ampersand, LLC v. Crown Engineering and Const., Inc., 261 F.R.D. 495,
10   502 (E.D. Cal. 2009).

11   In determining a reasonable fee, the Court takes into account the factors set forth in Kerr
12   v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975): (1) the time and labor required,
13   (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal
14   service properly, (4) the preclusion of other employment by the attorney due to acceptance of the
15   case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations
16   imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9)
17   the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11)
18   the nature and length of the professional relationship with the client and (12) awards in similar
19   cases (hereinafter referred to as the "Kerr factors").  McGrath v. County of Nevada, 67 F.3d 248,
20   252 (9th Cir. 1995).

21   **A.      Reasonable Hourly Rate**

22   Here, there is no dispute that the relevant legal market is the market within the Fresno
23   Division of the Eastern District of California.  However, Defendant does not submit any evidence
24   of the prevailing market rate within the Eastern District of California.  Defendant's attorneys are
25   located in Reston, Virginia and Washington, D.C.  Accordingly, their hourly rates ($395-$625)
26   are not relevant for the purposes of determining the amount of sanctions which must be based on
27   Fresno rates.  Moreover, the "commensurate rates" identified in Defendant's declaration are
28   based on rates across the country.

1    Plaintiff contends that rates in Fresno for senior litigation partners range from $250 to
2    $400 per hour.  (Decl. of Myron F. Smith in Opp'n to Decl. of Tara Lee in Supp. of Accounting
3    of Fees and Costs Re Rule 37 Sanctions (Smith Decl. #1") ¶ 7.)

4    Turning to the Kerr factors, with respect to factors one through three (time and labor
5    required, novelty of issues and skill required), the Court notes that the issues associated with the
6    motions to compel and the motion for sanctions were simple.  Defendant propounded discovery.
7    Plaintiff did not provide substantive responses.  Although Plaintiff raised boilerplate objections,
8    these objections were not major points of contention requiring extensive legal research or
9    briefing.  The number of discovery requests at issue was relatively small.  Finally, the Court notes
10   that, although three motions were filed, the issues in these motions were similar as they all dealt
11   with the failure to substantively respond to discovery requests.

12   With respect to factors four through eleven, neither Plaintiff nor Defendant have
13   introduced evidence or argument that suggests these factors are particularly relevant in deciding
14   sanctions here.

15   Looking at awards in similar cases, the Court finds that the hourly rates charged by
16   Defendant's attorneys are not reflective of the prevailing market rate within the Eastern District
17   of California, Fresno Division.  In Luna v. Hoa Trung Vo, No. CV F 08-1962 AWI SMS, 2011
18   WL 2078004, at *5 (E.D. Cal. May 25, 2011), the Court determined that $375 an hour was "the
19   top of the compensation range for attorneys practicing in the Fresno area" and deemed it a
20   reasonable rate for "a senior lead attorney."   An associate with twenty years of litigation
21   experience was given a $315 rate and an associate with ten years of experience was given a $295
22   rate. Id. at *6. Other cases within this district and division awarded fees at similar rates.  See BR
23   North 223, LLC v. Blieberman, No. 1:10-cv-02153 LJO-BAM, 2012 WL 2920856, at *3 (E.D.
24   Cal. Jul. 17, 2012) ($250-$380 rate for competent, reputable, 20+ year attorneys and $250-300
25   rate for competent attorneys with less than 10 years' experience); Ruff v. County of Kings, 700 F.
26   Supp. 2d 1225, 1240 (E.D. Cal. 2010) ($300 hourly rate for "experienced and competent civil
27   rights trial lawyer"); Schultz v. Ichimoto, No. 1:08-cv-0526-OWW-SMS, 2010 WL 3504781, at
28   *7 (E.D. Cal. Sept. 7, 2010) ($305 rate for 31 year lawyer and $255 rate for 23 year lawyer);

1   Wells Fargo Bank, Nat. Ass'n v. PACCAR Financial Corp., No. 1:08-cv-00904-AWI-SMS, 2010

2   WL 211386, at *3 (E.D. Cal. Jan. 28, 2009) ($315 hourly rate for attorney with over 30 years of

3   experience).

4        Defendant submitted attorney biographies in support of their request for attorney fees.

5   Tara M. Lee is a trial attorney with experience in "defense industry issues."  While Ms. Lee's

6   biography is not entirely clear on how many years of experience she possesses, she presumably

7   possesses at least ten years of experience based upon a review of her bio and the fact that she is

8   the managing partner of the firm's Northern Virginia office.  Brad Bloodworth is an attorney in

9   DLA Piper's litigation department and possesses approximately 12 years of experience.  Joseph

10  C. Davis is an associate in the "Litigation and Government Affairs practice group" with

11  approximately five years of experience.  Zmarak Khan is a litigation associate with approximately

12  four years of experience.  Philip Angeli is a litigation associate, but his biography does not

13  indicate how many years of experience he possesses.

14       Given the skill and experience of the attorneys involved and based on the awards in

15  similar cases, the Court finds that lawyers of comparable skill within the Eastern District of

16  California, Fresno Division market would charge $300 per hour for work performed by lead

17  counsel with approximately 12 years of experience (Ms. Lee and Mr. Bloodworth) and $225 for

18  associate level work (Messrs. Davis, Khan and Angeli).

19       **B.**     **Hours Reasonably Expended**

20       Defendants spent a total of 252.75 hours on work associated with two motions to compel

21  and a motion for Rule 37 sanctions.  Plaintiff's counsel opined that Defendant could be

22  reasonably expected to spend 20 hours in work for the Rule 37 motion and 10 hours for the

23  October 24, 2012 motion to compel.  (Smith Decl. #1 ¶ 15; Decl. of Myron F. Smith in Opp'n to

24  Decl. of Tara Lee in Supp. of Accounting of Fees and Costs Re Sept. 11, 2012 Mot. to Compel

25  Req. for Doc. Prod. ¶ 9.)

26       The Court finds that the hours expended by Defendant are excessive.  As discussed above,

27  the issues raised in Defendant's motions were not difficult or complex.  In connection with the

28  August 1, 2012 motion to compel, Defendant's records indicated that they spent over 80 hours on

work prior to filing the motion to compel on August 2, 2012.  An additional 19 hours of work was performed after the motion was filed but before Plaintiff's opposition was filed, on tasks such as corresponding with Plaintiff, preparing the joint statement and preparing an affidavit related to Plaintiff's unauthorized filing of a joint statement.  Approximately 16 hours was spent after the opposition was filed through the date Defendant's reply was filed, on tasks such as preparing the reply and preparing affidavits related to the unauthorized filing of the joint statement.  Another 15 hours was spent on work after the reply was filed, on tasks such as corresponding with Plaintiff, preparing a second joint statement and preparing for the hearing.

By the Court's reading of Defendant's record, over 65 hours was spent preparing the August 1, 2012 motion to compel.  The memorandum of points and authorities for the motion to compel was 24 pages long, but much of that length was spent summarizing each discovery request at issue (16 requests for production, 8 interrogatories, and 31 requests for admission). (See Def.'s Mem. in Supp. of its Mot. to Compel Disc. and Deem Req. for Admission Admitted 1-24.)  The motion did not require extensive legal research.  The motion cited only ten cases and one secondary authority.

Looking at the two other motions, the points and authorities for the Rule 37 motion was nine pages long citing five cases and the October 24, 2012 motion to compel was 4 pages long and only cited one case and one secondary authority.  The Court notes these facts not to critique Defendant's work, but to point out the fact that the issues litigated were not novel or complex. Defendant's briefs were appropriate.  However, the issues did not call for 250+ hours of work.

In Prescott, the defendant propounded sets of interrogatories and requests for documents and noticed a deposition.  Prescott, 2012 WL 393387, at *1-3.  When the plaintiff failed to respond or attend the deposition, the defendant obtained an order to compel.  Id.  When the plaintiff failed to comply with the motion to compel, the defendant filed a motion for sanctions under Rule 37.  Id.  Accordingly, the facts in Prescott are very similar to the facts here.  In Prescott the defendant informed the Court that it incurred $6,930 in fees (from 39.6 hours of work) in bringing the first motion to compel and $4,795 in fees (from 27.4 hours of work) in bringing the Rule 37 motion.  Id. at 10-11.

1    The Court finds that the hours worked by Defendant were not reasonable and finds that

2    the number of hours reasonably expended on all three motions should have been approximately

3    100 hours, which is similar to the amount of time claimed in <u>Prescott</u> working on two motions (67

4    hours).  Here, there were three motions.  The Court further finds that, based upon the billing

5    sheets submitted by Defendant, approximately 65% of the work was billed by associates and 35%

6    of the work was billed by a partner.[1]  Accordingly, the Court finds that 65% of the time should be

7    billed at the reasonable "associate level" rate identified above of $225 (for work performed by

8    Messrs. Davis, Khan and Angeli) and the remaining 35% of the time should be billed at the rate

9    appropriate for work performed by Ms. Lee and Mr. Bloodworth, $300.  Accordingly, the Court

10   will award sanctions in the amount of $25,125.00.[2]

### III.

### CONCLUSION AND ORDER

13   Based on the foregoing analysis, it is HEREBY ORDERED that sanctions in the amount

14   of $25,125.00 are imposed against Plaintiff, payable to Defendant, in connection with

15   Defendant's August 1, 2012 motion to compel, October 5, 2012 motion for Rule 37 sanctions and

16   October 24, 2012 motion to compel.

IT IS SO ORDERED.

Dated:   **March 13, 2013**

UNITED STATES MAGISTRATE JUDGE

---

[1] The Court estimated these figures by factoring the total number of hours worked (252.75), the total amount in fees billed ($120,354), the hourly rate charged by the lowest associate ($395) and the hourly rate charged by the highest partner ($625).  Using these figures, approximately 163.54 hours charged at the lowest associate rate and 89.21 hours charged at the highest partner rate roughly equals the total number of hours worked and the total amount in fees billed.  This roughly equates to a 65%/35% associate-to-partner hours ratio.

[2] 65% of 100 hours is 65 hours.  35% of 100 hours is 35 hours.

65 hours x $225/hour = $14,625.00 (associate level work)

35 hours x $300/hour = $10,500.00 (lead counsel level work)