# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLARIAN CAPITAL, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> ARA DOLARIAN, <br><br> Counterclaim-Defendant, <br><br> v. <br><br> SOC LLC, <br><br> Defendant/Counterclaim-Plaintiff | CASE No. 1:11-cv-00031-MJS <br><br> **ORDER GRANTINGING IN PART AND DENYING IN PART DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION TO COMPEL** <br><br> **(ECF No. 162)** <br><br> **FOURTEEN (14) DAY DEADLINE** |

Dolarian Capital, Inc. ("DCI") DCI initiated this action January 5, 2011, alleging breach of contract, breach of the covenant of good faith and fair dealing, fraud and an account stated against SOC, LLC ("SOC"). It claimed that SOC had failed to perform the parties' April 2010 agreement for sale of approximately one million dollars in arms and ammunition to be used by U.S. related interests in Iraq and in fact had reneged on it after DCI secured the ordered goods and stood ready to deliver them for SOC's benefit.

SOC filed an answer and counterclaim for breach of contract, breach of the covenant of good faith, unjust enrichment and fraud against DCI on March 4, 2011. SOC claimed that DCI had misrepresented its licensure and ability to procure the arms and thus forced SOC to "cover," i.e., purchase the goods elsewhere. SOC later amended its Counterclaim to name Ara Dolarian ("Dolarian") as a counterclaim defendant and to add a cause of action to recover against him personally on an "alter ego" theory.

On March 13, 2013, the Court issued an order (ECF No. 123) imposing sanctions in the amount of $25,125.00 against DCI in connection with SOC's August 1, 2012 motion to compel (ECF No. 43), October 5, 2012 motion for Rule 37 sanctions (ECF No. 60), and October 24, 2012 motion to compel (ECF No. 62).

Before the Court is SOC's motion to compel DCI to comply with the Court's March 13, 2013 sanctions order. (ECF No. 162.) The time to respond to the motion has passed without any opposition having been filed. During the Court's July 31, 2014, pretrial conference, the motion was deemed submitted on the pleading. (ECF No. 168.)

SOC asserts that it has made multiple requests to DCI, but DCI has refused to pay the sanctions. SOC seeks an order compelling DCI to pay the previously awarded sanctions, attorney's fees associated with preparing and filing the instant motion, and "any and all other appropriate relief," including a civil contempt sanction. (ECF No. 162-1.)

The March 13, 2013 sanctions order did not specify a deadline for DCI to pay SOC. Accordingly, DCI cannot be said to be in violation of a specific court order and cannot properly be found in contempt. For the same reason, the Court will deny SOC's request for attorney's fees in relation to bringing this motion.

Nevertheless, the Court is cognizant that the sanctions order has gone unpaid over the past 16 months. There is nothing in the record to indicate DCI is unable to pay the sanctions, and DCI's counsel stated during the pretrial conference his belief that DCI is, in fact, able to pay. The Court therefore will order that DCI comply with the March 13, 2013, sanctions order by paying SOC in full within fourteen days of the date of this order

and filing a pleading in this Court certifying its compliance. In the event DCI fails to pay within the time stated, SOC may seek additional sanctions, including, without limitation, additional monetary sanctions, a civil contempt order, and/or dismissal of DCI's affirmative claims.

Accordingly, it is HEREBY ORDERED that:

1. SOC's motion to compel (ECF No. 162) is GRANTED IN PART AND DENIED IN PART;

2. Within fourteen days of the filing of this order, DCI shall comply with the Court's March 13, 2013 sanctions order (ECF No. 123) by paying SOC $25,125.00; and

3. Within fourteen days of the filing of this order, DCI shall file a pleading in this Court certifying its compliance with the March 13, 2013 sanctions order.

IT IS SO ORDERED.

Dated:   August 4, 2014             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE